11-1655-ag
Qiu v. Holder
BIA
Page, IJ
A098 895 565

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> REENA RAGGI,
> > *Circuit Judges.*

_____

XIANG YONG QIU,
> *Petitioner,*

> v.                                    11-1655-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jan Potemkin, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Xiang Yong Qiu, a native and citizen of China, seeks review of a March 29, 2011, decision of the BIA affirming the February 19, 2009, decision of Immigration Judge ("IJ") Alan L. Page denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Yong Qiu*, No. A098 895 565 (B.I.A. Mar. 29, 2011), *aff'g* No. A098 895 565 (Immig. Ct. N.Y. City Feb. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Qiu contends that he established past persecution and a well-founded fear of future persecution on account of his resistance to China's family planning policy. As the agency

2

noted, Qiu was not eligible for asylum based on the forced sterilization of his wife. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007) (en banc). Substantial evidence also supports its conclusion that Qiu did not establish that the harm he personally suffered or will suffer rises to the level of persecution.[1]

Qiu testified that after the birth of his first child he and his wife were fined 15,000 renminbi, of which he paid 3,000, and that he feared he would be harmed by officials if he did not pay the rest of the fine. The agency reasonably concluded that this fine did not constitute economic persecution because it was not enforced against Qiu. *See Xu Ling Chen v. Gonzales*, 489 F.3d 861, 863 (7th Cir. 2007) (noting that a fine which is not enforced might not constitute persecution). While the country conditions evidence indicates that in some instances individuals have been detained for failure to comply with such fines, the agency reasonably concluded that Qiu did not have a well-founded fear that he would be so punished because officials

---

[1] Because we find no error in the agency's conclusion that Qiu did not establish past persecution or a well-founded fear of future persecution, we do not address its conclusion that he did not demonstrate other resistance to the family planning policy.

3

never enforced the fine against him during the years he lived in China and had not punished his wife for failure to pay the fine. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's family continued to live safely in applicant's native country, claim of well-founded fear was diminished).

Moreover, the BIA reasonably concluded that Qiu did not establish that the fine was such a severe burden that it rose to the level of persecution as he did not present the agency with any evidence regarding his income or net worth in China. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). While a State Department report describes the typical income of rural workers in Lianjiang county, the agency was not required to infer from that general report the impact the fine would have on Qiu's personal economic situation. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

Considering the impact of the fines imposed on Qiu cumulatively with the emotional loss he suffered as a result of his wife's forced sterilization, we find no error in the agency's conclusion that he did not establish past persecution or a well-founded fear of future persecution. *See Manzur v. DHS*, 494 F.3d 281, 290 (2d Cir. 2007)

4

(providing that in determining whether harms constitute persecution they should be considered cumulatively); *Shi Liang Lin*, 494 F.3d at 309 (noting that "an individual whose spouse undergoes . . . involuntary sterilization may suffer a profound emotional loss"). Accordingly, the agency did not err in denying Qiu's applications for asylum and withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Qiu does not challenge the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk